# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>                      Plaintiffs,<br><br>    v.<br><br>SAMUEL MAGANA CASTILLO, individually and doing business as CONCRETE BY SMC; and CONCRETE BY SMC,<br><br>                      Defendants. | **Case No. 1:15-mc-00037---EPG**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S CLAIM OF EXEMPTION BE DENIED**<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS<br><br>(ECF No. 8) |

      Plaintiffs' Motion for Order Determining Claim of Exemption came on for hearing on December 4, 2015 at 10:00 a.m. in the Courtroom of United States Magistrate Judge Erica P. Grosjean of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Department 10, Fresno, California. Plaintiffs THE BOARD OF TRUSTEES, in

1

their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter "Trust Funds" or "Plaintiffs") were represented by Tracy Mainguy of Weinberg, Roger & Rosenfeld, who appeared telephonically; Defendant made no appearance.

I.  BACKGROUND

On May 7, 2015, Plaintiffs were awarded judgment against Defendants in the amount of $119,279.52 by the U.S. District Court for the Northern District of California. On June 25, 2015, Plaintiffs registered the judgment in the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1963. Based on the writ of execution that was issued in response to the registration, Plaintiffs asked the U.S. Marshal Service to personally serve a levy for contract receivables on Dale Atkins Contractor, a contractor for whom Defendants had performed subcontracting work. On July 17, 2015, the U.S. Marshal Service served the levy on *Joel* Atkins of Atkins Enterprises, who promptly contacted Plaintiffs and informed them that he had no relationship with *Dale* Atkins Contractor.

On August 11, 2015, Plaintiffs asked the U.S. Marshal Service to serve the levy on *Dale* Atkins Contractor. Service was accomplished on September 3, 2015. On September 17, 2015, Plaintiffs contacted the U.S. Marshal Service to determine if anything had been received in response to the levy and were told that the U.S. Marshal Service was holding $13,580.00 that had been remitted by Dale Atkins Contractor. The U.S. Marshal Service indicated, however, that it was holding the funds to see if Defendants would be filing a Claim of Exemption with respect to the levied property.[1] On October 21, 2015, Plaintiffs had not received any claim of exemption and again contacted the U.S. Marshal Service to inquire. The U.S. Marshal Service then informed Plaintiffs that they were holding the funds based on the claim of exemption from July 28, 2015,

---

[1] The U.S. Marshal Service had apparently received a claim of exemption with respect to the first levy (the erroneously served levy) on July 28, 2015.

2

although they had not served that claim of exemption on Plaintiffs (and had not told Plaintiffs that the July 28 claim of exemption would apply to the levy when Plaintiffs had called on September 17). The U.S. Marshal Service finally served the Claim of Exemption on Plaintiffs on October 28, 2015.

The Claim of Exemption asserts that the funds should be exempt from levy because they fall within the exemptions set forth under California Code of Civil Procedure §§ 695.060, 704.010, 704.020, 704.030, 704.040, 704.050, 704.060, 704.070, 704.100, 704.210, 704.720, 704.740.[2] The Claim is dated September 14, 2015, although the date is handwritten on the form next to the earlier date of July 28, 2015. No financial statement is attached to the Claim of Exemption, nor is there any description of the facts supporting the Claim.

## II.  DISCUSSION

Generally, "all property of [a] judgment debtor is subject to enforcement of a money judgment." Cal. Code Civ. Proc. § 695.010. California law exempts specific kinds of property from being taken to fulfill such a judgment, however, "based on the theory that some types of property should not be taken to satisfy a judgment." *Ford Motor Credit Co. v. Waters*, 166 Cal.App.4th Supp. 1, 8 (Cal.App.Dep't Super. Ct. 2008). These exemptions "are wholly statutory and cannot be enlarged by the courts." *Id.*, *citing Estate of Brown*, 123 Cal. 399 (1899).

To successfully make a claim of exemption, a judgment debtor must make a claim "within 10 days after the date the notice of levy on the property claimed to be exempt was served on the judgment debtor." Cal. Code Civ. Proc. § 703.520(a). The claim must include, among other things:  (1) a "description of the property claimed to be exempt"; (2) a "statement of the facts necessary to support the claim"; and (3) a "financial statement" if the property is claimed as exempt "to the extent necessary for the support of the judgment debtor." Cal. Code Civ. Proc. §§ 703.520(b); 703.530(a). If a claim of exemption is not made within the statutory parameters, "the exemption is waived and the property is subject to enforcement of a money judgment." Cal. Code Civ. Proc. § 703.030(a).

---

[2] Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

1    As a threshold matter, Defendant's Claim of Exemption is procedurally defective. In the
2 blank designated to describe the property claimed to be exempt, Defendant has merely written a
3 list of categories of items (*e.g.*, "household, heirlooms, insurance, automobiles, building
4 materials, business license, home, cash, wages, tools, accnt"), rather than a description of the
5 specific property he is claiming is exempt (*e.g.*, contract receivables for work performed as a
6 contractor). Nor has Defendant attached the required financial statement, despite the fact that he
7 asserts in the Claim that his "claim is made pursuant to a provision exempting property to the
8 extent necessary for the support of the judgment debtor." Nor does the Claim appear to have been
9 made in a timely fashion. Although the Claim was purportedly made on September 14, 2015, the
10 U.S. Marshal Service told Plaintiff that they were still awaiting a claim of exemption as of
11 September 17, 2015.

12    In addition, the Claim is substantively deficient because it does not demonstrate that any
13 of the asserted exemptions applies. In a claim of exemption, "the exemption claimant has the
14 burden of proof." Cal. Code Civ. Proc. § 703.580. Defendant has not furnished any facts or
15 argument in support of his claim that the money at issue should be exempt. Defendant did not
16 appear at the hearing, despite receiving timely notice in advance of the hearing date, to provide
17 evidence of his claim. Rather, Defendant simply checked all the boxes on the Claim of Exemption
18 form and provided a laundry list of statutory exemptions, none of which appear to apply to the
19 property sought to be claimed here.

20    For example, Defendant cites California Code of Civil Procedure § 704.070, the "Paid
21 Earnings" exemption, in his claim of exemption. But the amount claimed as exempt does not
22 appear to be "earnings" as defined by the statute, which defines "earnings" as "compensation
23 payable by an employer to an employee for personal services performed by such employee." Cal.
24 Civ. Proc. § 706.011. Instead, the property appears to be money received by Defendant for
25 services performed by him and his employees as a subcontractor for Dale Atkins Contractor.
26 (Declaration of Michelle Lauziere in Support of Motion for Order Determining Claim of
27 Exemption, Exhs. A, C, ECF Nos. 11-1, 11-3.) The funds are thus receivables, not earnings, and
28 are not exempt from enforcement of the judgment. *In re Gokey*, 152 B.R. 750, 751 (Bankr. N.D.

Cal. 1993) ("the fact that the debtor had employees clearly takes the funds in question outside of the statutory definition of earnings").

The other exemptions Defendant cites to are equally inapplicable—the property levied is not, among other things, a motor vehicle or equity in a motor vehicle (§ 704.010), household furnishings or apparel (§ 704.020), or jewelry, heirlooms, or works of art (§ 704.040). Indeed, given the expansive list of exemptions Defendant asserts but the total lack of substantiation for any of those exemptions, there is little to suggest that Defendant's Claim is offered in good faith. Equally little suggests that Defendant's Claim should be granted.

## III.  RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS the following:

1. Defendant's Claim of Exemption be DENIED in its entirety;
2. The U.S. Marshal Service be DIRECTED to release the $13,580.00 received from Dale Atkins Contractor in response to Plaintiffs' levy to Plaintiffs and deposit the funds into Plaintiffs' counsel's trust account.

The Clerk of the Court is DIRECTED to serve a copy of these Findings and Recommendations on Defendant at 1042 East K Avenue, Visalia, California 93292.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

IT IS SO ORDERED.

Dated:  **December 8, 2015**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

5